# DURKEE v. WINQUIST.

PATENTS; INTERFERENCE; EVIDENCE; CLAIMS.

1. The uncorroborated testimony of the junior party to an interference is insufficient to overcome the presumption attaching to the prior filing date of the senior party.

2. A decision of the Commissioner of Patents in an interference, involving the invention of a toe calk for horseshoes, in which he held that "the terms of the claim, when given their ordinary meaning, clearly read upon the structure of both parties," was *affirmed.*

No. 483. Patent Appeals. Submitted March 19, 1908. Decided April 14, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.    *Affirmed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon* and *Mr. J. H. Milans* for the appellant.

There was no appearance for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority of invention to Winquist and Turnstrom for a toe calk for horseshoes. John Durkee, Jr., filed his application for patent on January 30, 1905. Victor Winquist and Alfred Turnstrom filed their

application October 14, 1904. A patent was granted to Durkee, Jr., on August 8, 1905. The issue in interference is as follows:

"1. A horseshoe calk composed of a V-shaped outer plate of iron with an angular opening extending lengthwise of its body below the line of its free ends, and a steel plate fitting within the opening, the steel plate being provided with a pointed lug integral therewith and extending outwardly from the edges of the outer plate.

"2. A horseshoe calk consisting of a steel-plate portion having a pointed lug extending from its edge and integral therewith, having a plate of iron folded upon the lengthwise edge opposite the lug, said iron portion enveloping one edge and entire side surfaces of the steel-plate portion."

. The evidence of Durkee, Jr., to establish his claim consisted of his own deposition, unsupported by any other evidence. It is well settled that the uncorroborated testimony of a junior party in an interference is unsufficient to overcome the presumption attaching to the prior filing date of the senior party. Winquist and Turnstrom, relying on their senior application, offered no evidence, the burden being on Durkee, Jr. They were justified in resting on their prior application, until he had discharged the burden of proof resting upon him to establish a conception of the invention in question, and reduction of the same to practice, at a date prior to the filing date of the senior applicants. This he failed to do by his own uncorroborated evidence.

It was held by the Commissioner of Patents that "the terms of the claims, when given their ordinary meaning, clearly read upon the structure of both parties." With this decision, we fully agree. Winquist and Turnstrom, being the senior applicants, are entitled to the priority.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required.                                     *Affirmed.*